**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **AMALIA MAZZOLIN, as Trustee of**<br>**the AMALIA MAZZOLIN 1998**<br>**TRUST B, and THE MAZZOLIN**<br>**FAMILY LIMITED PARTNERSHIP,**<br>An Illinois Limited Partnership,<br><br>**Plaintiffs,**<br><br>v.<br><br>**LEHMAN BROTHERS REAL**<br>**ESTATE FUND III, L.P.**<br>a Delaware Limited Partnership,<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    **No. 11 C 953**

    **Judge Rebecca R. Pallmeyer**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs, a trustee and an Illinois limited partnership, purchased partnership interests in what they understood were portfolios of promising real estate holdings. In this lawsuit, filed in the Circuit Court of Cook County, they claim that Defendant, Lehman Brothers Real Estate Fund III, L.P. ("LBREF"), made false statements concerning the properties. Plaintiffs assert state law claims for rescission and for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Defendant removed the case to this court pursuant to the court's bankruptcy jurisdiction under 28 U.S.C. §§ 1452(a) and 1334(b), which grant district courts jurisdiction over "all civil proceedings arising under [the federal Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b). Defendants claim that removal was proper and this court has jurisdiction over Plaintiffs' lawsuit because it is "related to" the Chapter 11 bankruptcy of Lehman Brothers Holdings Inc. ("LBH"). Citing a forum selection clause within the partnership agreement and similar litigation pending in the United States District Court for the Southern District of New York, Defendant moved to transfer venue to that court. Plaintiffs have moved for an order remanding the case to state court, contending that Defendant has failed to establish how their suit

against the Defendant is "related to" LBH's bankruptcy case.  For the reasons set forth here, Plaintiffs' motion is granted, but the court will stay this order for 14 days to allow Defendant to show cause why the case should not be remanded.

## BACKGROUND

In 2007, Plaintiffs Amalia Mazzolin, as Trustee of the Amalia Mazzolin 1998 Trust B, and the Mazzolin Family Limited Partnership, an Illinois limited partnership, entered into subscription agreements with Defendant LBREF for the purchase of $2.5 million in limited partnership interests, collectively.  (Complaint ¶¶ 7-8.)  LBREF is a Delaware limited liability partnership organized in 2007 for the purpose of investing in real estate.  (Complaint ¶ 3.)  The partnership agreement identifies Lehman Brothers Real Estate Associates III, L.P. ("LBREA") as LBREF's general partner. Real Estate Private Equity, Inc. is named as its initial limited partner.  (LBREF Amended and Restated Agreement of Limited Partnership (hereinafter "P'ship Agreement"), Ex. 4 to Def.'s Mem. in Support of its Motion to Transfer, at 6-7.)

Plaintiffs claim that at the time they were solicited to invest, they relied on false and misleading information furnished by LBREF in a private placement memorandum.  (Complaint ¶¶ 7-8.)  Plaintiffs seek rescission of their subscription agreements and relief for LBREF's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.* Defendant removed the case to this court pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) and Rule 9027 of the Federal Rules of Bankruptcy Procedure, claiming that Plaintiffs' suit is "related to" the Chapter 11 case filed by LBH in the United States Bankruptcy Court for the Southern District of New York, *Lehman Brothers Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008).  (Def.'s Notice of Removal ¶¶ 1-2.)  Notably, neither LBH nor LBREA are parties to this action, and the relationship between LBH and LBREF is not clear from the record.

Defendant's only evidence in support of its arguments in opposition to Plaintiff's Motion to Remand is the declaration of Eric M. Alberta, a Vice President of LBH.  Alberta declares that LBH

2

"owns a substantial economic stake in LBREF . . . as both the general partner of LBREF . . . and as a limited partner in LBREF." (Albert Decl. ¶ 2, Ex. 1 to Def.'s Resp. in Opp'n to Pls.' Mot. for Remand.) Alberta does not explain what he means by a "substantial economic stake." In any event, his statement concerning LBH's involvement in the partnership appears to be inconsistent with the language of the partnership agreement itself. According to that document, it is LBREA, not LBH, that is the general partner of LBREF. (P'ship Agreement at 6.) Defendant offers no explanation of the relationship between LBREA and LBH. Plaintiffs, for their part, have produced a disclosure statement pursuant to FED. R. CIV. P. 7.1 from a lawsuit filed by other limited partners against LBREA, among other defendants, in the United States District Court for the Southern District of New York. (Ex. A to Pls.' Reply in Supp. of Mot. For Remand.) In that statement, LBREA discloses that its general partner is LBREA III GP Holdings, L.P. (*Id.*) Regarding LBH, the statement asserts only that LBH "indirectly and through a series of wholly owned subsidiaries owns more than ten percent of the interests in [LBREA]." (*Id.*) In their Memorandum of Law in Support of Their Motion for Remand, Plaintiffs state that they have "no knowledge of LBH having any continued limited partnership interest in" LBREF. (Pls.' Mem. of Law in Supp. of Their Mot. for Remand (hereinafter "Pls.' Mem."), at 6 n.1.) Instead, Plaintiffs claim that Real Estate Private Equity, Inc., the original limited partner, "was a nominee of LBH, whose capital contribution was listed as $100," to be "refunded when other limited partners were admitted to the partnership." (*Id.*)

The only other circumstance relevant to jurisdiction identified by Defendant relates to an insurance policy. According to Alberta, LBH owns Venture Capital Asset Protection Policy, upon which LBREF III, as a Lehman related entity, could draw to fund the defense of this litigation and any potential money damages award, costs, or fees if found liable. (Alberta Decl. 3-4.) No copy of the insurance policy is in the record.

3

### DISCUSSION

Plaintiffs have moved for remand of the case to state court, arguing that Alberta's declaration does not support federal jurisdiction in this context. The parties disagree about which party bears the burden of persuasion. Defendant, characterizing Plaintiffs' Motion for Remand as a motion for equitable remand pursuant to 28 U.S.C. § 1452(b), argues that Plaintiffs bear the burden to establish that remand is appropriate. Under Section 1452(b), a district court that otherwise has subject matter jurisdiction over claims related to bankruptcy cases "*may* remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b) (emphasis added). The party requesting equitable remand has "the burden of establishing that remand is appropriate." *In re Talon Holdings, Inc.*, 221 B.R. 214, 219-20 (Bankr. N.D. Ill. 1998).

Though Plaintiffs themselves refer to Section 1452(b) in their memorandum of law under the heading "Procedure Before This Court" (Pls.' Mem. at 3), the court reads Plaintiffs' argument and the Motion for Remand as a challenge to the court's subject matter jurisdiction pursuant to Section 1447(c), which provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). If that provision governs, the burden of persuasion rests with the party asserting federal jurisdiction, which, in this case, is Defendant. *See In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 329-30 (7th Cir. 2009). Where, as here, "the facts that determine federal jurisdiction are contested, the [party invoking jurisdiction] must establish those facts by a preponderance of the evidence." *Muscarello v. Ogle Cnty. Bd. Of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010). Furthermore, "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

With limited exceptions not relevant here, a party may remove "any claim or cause of action in a civil action . . . to the district court where such a civil action is pending, if such district court has

4

jurisdiction of such claim or cause of action under section 1334." 28 U.S.C. § 1452(a). Section 1334, in turn, extends jurisdiction to "all civil proceedings arising under [the federal Bankruptcy Code], or arising in *or related to* cases under [the Bankruptcy Code]." *Id.* § 1334 (emphasis added). Unlike appellate courts in other circuits, which have interpreted "related to" jurisdiction broadly to encompass all proceedings that "*could conceivably have an effect on the* [bankruptcy] *estate*," *In re FedPack Sys., Inc.*, 80 F.3d 207, 213 (7th Cir. 1996) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)), the Seventh Circuit has established a more limited definition of "related to" jurisdiction": "'[a] case is related to a bankruptcy when the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'" *Id.* 213-14 (alterations in original) (quoting *In re Mem'l Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991)) (internal quotation marks omitted); *see also In re Teknek, LLC*, 563 F.3d 639, 648 (7th Cir. 2009).


The Seventh Circuit interprets "related to" jurisdiction narrowly "'out of respect for Article III' . . . as well as to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts." *In re FedPack*, 80 F.3d at 214. This narrower definition

> is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy so that all claims by and against the debtor can be determined in the same forum.

*Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994). Secondarily, the purpose for recognizing "related to" jurisdiction "is to force into the bankruptcy courts suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate." *Id.* at 161-62. Mere overlap between the debtor's affairs and another dispute, however, is insufficient absent a "financial effect on the estate (or the apportionment among its creditors)." *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989). The proponent of federal jurisdiction need not establish that such an effect is certain, so long as the proponent can show that the dispute

is "likely to affect the debtor's estate." *In re Heath*, 115 F.3d 521, 524 (7th Cir. 1997). "Under this restrictive definition, not surprisingly, one non-debtor's action for damages against another non-debtor is typically not a matter over which a bankruptcy court can exercise jurisdiction." *In re Mission Bay Ski & Bike, Inc.*, 398 B.R. 250, 253 (Bankr. N.D. Ill. 2008).

Based on these standards, the court is not satisfied that the Defendant has established federal jurisdiction over this dispute. LBH, the debtor, is not a party to the lawsuit filed by Plaintiffs. None of the parties to the litigation are creditors of LBH, nor is it apparent from the evidence how this litigation stands to tangibly affect the property in LBH's estate. So far as the court is aware, LBREF is an independent legal entity that has not filed for bankruptcy.

Defendant makes two arguments that Plaintiffs' suit against this non-debtor Defendant will affect property in LBH's estate, but neither one appears persuasive. First, Defendant asserts that LBH has a "substantial economic stake" in LBREF. The only evidence Defendant provides to support that argument, however, is an affidavit that makes declarations at odds with the partnership agreement. Furthermore, the court is not convinced that a debtor's "economic stake" in a non-debtor is sufficient to establish "related to" jurisdiction. The court's bankruptcy jurisdiction would be nearly unlimited if a debtor could force into bankruptcy any claim against a non-debtor in whom the debtor has an investment interest.

Defendant's second argument is that LBREF is covered by an insurance policy owned by LBH. Here, too, the evidence offered by Defendant is sketchy. Although it is well-established that "insurance contracts in which the debtor has an interest at the time the petition is filed constitute property of the estate," *In re Stinnett*, 465 F.3d 309, 312 (7th Cir. 2006), Alberta's affidavit provides no details about the terms or conditions of any insurance coverage owned by LBH, nor has Defendant furnished a copy of the policy. Absent further evidence to clarify the situation, the court will resolve the doubt left by the lack of information in the record in favor of Plaintiffs' choice of forum.

6

## CONCLUSION

Plaintiffs' Motion for Remand [16] is granted, but in light of the questions left open in this record, the court will stay its order for fourteen (14) days to allow Defendant to show cause in writing within fourteen (14) days remand is not appropriate.  Defendant's Motion to Transfer [6] is stricken as moot.

ENTER:

Dated: September 23, 2011

_____
REBECCA R. PALLMEYER
United States District Judge